Citation Nr: 1826253 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 12-26 098 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an extraschedular rating for service-connected left ear hearing loss.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Polly Johnson, Associate Counsel


INTRODUCTION

The Veteran had active service from June 2007 to March 2011.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. Jurisdiction now rests with the Waco, Texas RO.

This matter was previously before the Board in November 2014, and the Board denied the Veteran's claim for an initial compensable rating for her service-connected left ear hearing loss. The Veteran appealed that decision to the Court of Veterans' Appeals (Court). In June 2015, the Court granted a Joint Motion for Partial Remand (JMPR) and vacated and remanded that portion of the November 2014 decision that declined to refer the issue for extraschedular consideration. The Board notes that the parties to the JMPR did not challenge the portion of the Board's decision that denied a compensable schedular rating for left ear hearing loss. Subsequently, the Board remanded the matter to the RO in July 2015, August 2016, and August 2017, and it now returns for appellate review.

In a May 2017 rating decision, the RO granted service connection for peripheral vestibular disorder and assigned a 30 percent rating effective March 14, 2011. 


FINDING OF FACT

The Veteran's left ear hearing loss disability does not manifest in symptoms that cause marked interference with employment or frequent periods of hospitalization. 


CONCLUSION OF LAW

The criteria for an extraschedular compensable rating for a left ear hearing loss disability have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 3.321, 4.14, 4.85, Diagnostic Code 6100 (2017).

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran claims entitlement to an extraschedular rating for her left ear hearing loss disability. In particular she asserts that her hearing loss disability manifests in symptoms of dizziness, ringing, headaches, unsteadiness, ear pain and nausea, creating an exceptional disability picture that renders impractical the application of the regular schedular standards. A noncompensable (zero percent) schedular rating is currently in effect. As noted in the Introduction above, entitlement to a higher schedular rating is not at issue.

Under the applicable criteria, ratings for hearing loss are determined in accordance with the findings obtained on audiometric evaluation. Ratings for hearing impairment range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests, together with the average hearing threshold level as measured by pure tone audiometric tests in the frequencies 1000, 2000, 3000, and 4000 cycles per seconds. To evaluate the degree of disability from hearing impairment, the rating schedule establishes eleven auditory acuity levels designated from Level I for essentially normal acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Diagnostic Code 6100.

The VA Rating Schedule will apply unless there are exceptional or unusual factors, which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). Under those circumstances, where the schedular evaluations are found to be inadequate, a veteran may be awarded a rating higher than that encompassed by the schedular criteria. 38 C.F.R. § 3.321(b)(1). According to the regulation, an extraschedular disability rating is warranted upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. Id.

The Court has set out a three-part test, based on the language of 38 C.F.R. § 3.321(b)(1), for determining whether a Veteran is entitled to an extraschedular rating: (1) the established schedular criteria must be inadequate to describe the severity and symptoms of the Veteran's disability; (2) the case must present other indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization; and (3) the award of an extraschedular disability rating must be in the interest of justice. Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 

In this case, the Board denied referral of the issue for extraschedular consideration to the Director of Compensation Services in a November 2014 decision. Thereafter, the Veteran appealed to the Court, which granted a JMPR vacating and remanding the issue of entitlement to an extraschedular rating for left ear hearing loss. The parties to the JMPR agreed that the Board failed to provide an adequate statement of reasons or bases regarding whether referral for extraschedular consideration was warranted. Specifically, the Board failed to address the Veteran's symptoms of dizziness, nausea, and headaches asserted to potentially be associated with her hearing loss by an August 2010 clinician. The parties agreed that the Board did not explain how those symptoms were already considered by the Veteran's current noncompensable rating for left ear hearing loss under the Rating Schedule. The JMPR did not disturb the Board's findings regarding the schedular rating for left ear hearing loss. Accordingly, the Board, in a subsequent decision, remanded the claim for the purpose of referring the issue to the Director, Compensation Service, for consideration. 

In February 2016, the Director issued an opinion concluding that an extraschedular evaluation was not warranted. The Director reasoned that the record did not show that the left ear hearing loss was the cause of loss of employment or significant difficulties in employment settings. Moreover, the Director found that no unusual or exceptional disability pattern had been demonstrated that would render application of the regular criteria as impractical. 

The Board, therefore, has jurisdiction over this aspect of the Veteran's claim. Kuppamala v. McDonald, 27 Vet. App. 447 (2015). In Kuppamala, the Court said that the justiciable standard limiting the Secretary's discretion for assignment of an extraschedular rating was that the extraschedular rating is commensurate with the average earning capacity impairment due exclusively to service connected disability or disabilities.

In July 2010, in service, the Veteran sustained left-sided hearing loss after being on a rifle range. An August 2010 treatment note states that the Veteran had a "complicated history of hearing loss, dizziness, and nausea since July," and that since then, she had experienced dizziness, nausea, and headaches. 

A March 2011 VA hearing loss and tinnitus examination notes that her hearing loss and tinnitus disabilities did not have any significant effects on the Veteran's occupation or on her usual daily activities.

In her January 2012 Notice of Disagreement, the Veteran stated that her life had to be readjusted after sustaining left ear hearing loss.

In her September 2012 Substantive Appeal, the Veteran stated that she was unable to fully understand people when they talked to her, and that her life had changed because of her left ear hearing loss disability.

In a January 14, 2014 VA Primary Care Note, the Veteran sought treatment for intermittent headaches, and was assessed as having sinusitis.

In a September 2015 statement, the Veteran said that after the July 2010 incident in service, she had symptoms including loss of hearing, constant ringing, constant popping, headaches, dizziness, feeling unbalanced, and a slight pain inside her ear. She noted that while a hearing aid was a partial solution, she still had to deal with the effects of her injury every day.

A September 2015 statement from a fellow service member noted that the Veteran needed the television to be turned up to a high volume and needed people to repeat themselves. She indicated that the Veteran had moments of despair and frustration due to the annoyance of her disability.

In an October 2016 VA hearing loss and tinnitus examination report, the audiologist noted that the Veteran reported experiencing ear pain in the left ear that comes and goes and had been occurring more frequently, constant pressure in the left ear, and constant ringing in the left ear. The audiologist further noted that the Veteran denied dizziness. The examiner opined that the Veteran's hearing loss impacted her ability to work because her hearing was gradually becoming worse on her left side, she had ear pain, constant pressure, constant ringing, and dizziness.

At a March 2017 VA hearing loss and tinnitus examination, the Veteran reported that her hearing loss impacted the ordinary conditions of daily life, including the ability to work, because it was difficult to talk to people.

At an April 2017 VA ear conditions examination, the examiner indicated that the Veteran's ear and peripheral vestibular conditions did not impact her ability to work. The examiner opined that it was as likely as not that her diagnosed peripheral vestibular disorder was at least as likely as not related to her service-connected hearing loss and tinnitus. He added that while "vertigo" denoted a spinning sensation, which the Veteran was not shown to have, it could be equated to "unsteadiness." The examiner did not address the Veteran's symptoms of nausea and headaches.

Based on the April 2017 examination results, the RO granted service connection for peripheral vestibular disorder in a May 2017 rating decision, assigning a 30 percent rating under Diagnostic Code 6204, the maximum rating allowable under that Code, effective March 14, 2011. In the rating decision, the RO noted that some of the symptoms claimed by the Veteran to be related to hearing loss were encompassed by the rating for peripheral vestibular disorder.

A September 2017 VA examination report noted that the Veteran struggled with difficulty understanding speech in the presence of background noise and crowds and difficulty understanding speech at work.

In a January 2018 addendum medical opinion, an examiner noted that the symptom of headaches, though denied by the Veteran as existing at that time, was unrelated to cranial nerve VII disorders, which are responsible for vestibular disorders. The examiner further noted that the symptoms of unsteadiness and nausea could be reasonably assumed to be related to the sudden onset of symptoms in service. However, he noted that the transitory nature of the symptoms failed to appear sufficiently severe or prolonged to impact activities of daily living or employment. Indeed, the examiner noted that the Veteran was able to execute her responsibilities as a cashier and stock clerk.
 
An April 4, 2018 Neurology Consult notes the presence of a migraine headache disability. A prior note dated March 30, 2018 notes that a CT scan of her head showed a possible Chiari malformation, which is a congenital abnormality of a part of the brain called the cerebellum and may cause pain. 

Having reviewed the relevant evidence, and with due application of the standards for the assignment of an extraschedular rating under 38 C.F.R. § 3.321(b)(1), the Board finds that no higher rating is warranted on an extraschedular basis for the Veteran's left ear hearing loss disability.

Initially, the Board notes that after the JMPR and the Board's referral, the Court issued its decision in Doucette v. Shulkin, 28 Vet. App. 366 (2017). In that decision the Court held that the schedular criteria for rating hearing loss contemplate the functional effects of difficulty hearing and understanding speech; although functional effects not related to difficulty hearing are not contemplated. Doucette, 28 Vet. App. at 371. The Court held that when evaluating hearing loss, VA measures a veteran's ability to hear certain frequencies at specific volumes and to understand speech, using rating tables to correlate the results of audiometric testing with varying degrees of disability. Id. In light of the plain language of 38 C.F.R. §§ 4.85 and 4.86, as well as the regulatory history of those sections, the Court held that the rating criteria for hearing loss contemplate the functional effects of decreased hearing and difficulty understanding speech in an everyday work environment, as these are precisely the effects that VA's audiometric tests are designed to measure. Id. Thus, when a claimant's hearing loss results in an inability to hear or understand speech or to hear other sounds in various contexts, those effects are contemplated by the schedular rating criteria. Id.
In the present case, the evidence indicates the Veteran has difficulty hearing conversation, the television, and some difficulty communicating with people. The Veteran's statements regarding her difficulty working due to not being able to understand people are manifestations of her difficulty hearing and understanding speech, which are contemplated by the schedular rating criteria for hearing loss. Therefore, in this case, the schedular criteria are adequate to describe the severity and symptoms of the Veteran's disability in regard to her difficulty in fully understanding and communicating with people. Those criteria specifically provide for ratings based on all levels of hearing loss, and such symptoms and effects relate to diminished hearing acuity and speech recognition, which is generally the foundation of the schedular criteria.

With respect to the Veteran's symptoms of dizziness and unsteadiness, such symptoms have been identified as related to a now service-connected peripheral vestibular disability. Indeed, during the appeal period, the RO awarded a separate 30 percent disability rating for the Veteran's peripheral vestibular disability based on dizziness and occasional staggering. As such, these symptoms are already contemplated by the schedular criteria. 

Similarly, with respect to symptoms of ringing in the ear, such symptoms are already related to service-connected tinnitus, and contemplated by the schedular criteria, warranting a 10 percent rating. 

With respect to the Veteran's symptoms of headaches, the medical evidence of record does not favor a finding that such symptoms are a manifestation of her left ear hearing loss disability. Indeed, as noted above, in the Veteran's treatment reports for headache symptoms, she has been specifically diagnosed with sinusitis, a migraine headache disability, and a possible Chiari malformation that may cause pain. These are stand-alone disabilities manifesting in headaches that have not been shown by the record to be at all related to her hearing loss disability. As noted above, in January 2018 a VA examiner opined that the Veteran's headache symptoms were also unrelated to cranial nerve VII disorders, which are responsible for vestibular disorders. As such, the Board finds that headache symptoms are not manifestations of the Veteran's service-connected left ear hearing loss disability, and therefore may not be contemplated in determining whether the hearing loss disability warrants an extraschedular rating. 

Finally, with respect to symptoms of nausea and ear pain, the medical evidence of record is at best unclear as to whether such symptoms constitute manifestations of her service-connected left ear hearing loss disability. Resolving all doubt in the Veteran's favor, the Board will assume as true for the purpose of this opinion only, that such symptoms are in fact manifestations of her hearing loss disability, thereby rendering inadequate the schedular criteria for rating hearing loss disabilities (as they do not contemplate ear pain and nausea). Even in assuming that such symptoms are related to hearing loss and that the schedular criteria for rating hearing loss does not adequately contemplate such symptoms, the evidence of record is against a finding that such symptoms present such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards under 38 C.F.R. § 3.321(b). 

The Veteran has contended in a broad manner that her left ear hearing loss disability has affected her life on a daily basis, which the Board does not doubt. However, the Veteran has not contended that she has been precluded from obtaining or maintaining employment, or that she has missed significant-or any-periods of work, or suffered any decrease in work performance due to symptoms related to her hearing loss disability (include for the purposes of this decision, ear pain and nausea). As noted above, in January 2018 a VA examiner noted that symptoms of nausea were transitory in nature and did not appear to be sufficiently severe or prolonged so as to impact her activities of daily living or employment. The examiner noted that the Veteran was able to execute her responsibilities as a cashier and stock clerk. There is no probative evidence suggesting that the Veteran's service-connected left ear hearing loss symptoms, to include ear pain and nausea, interfered markedly with her employment at any point during the appeal period. In addition, the evidence does not indicate, nor does the Veteran contend, that she has ever been hospitalized for her left ear hearing loss disability. 

After considering the evidence of record, the Board finds that (1) the schedular criteria adequately contemplate the effects of hearing loss, to specifically include trouble hearing in crowded areas, on the telephone, or in conversations at home or at work; (2) symptoms of dizziness, unsteadiness and ringing in the ears are also contemplated and separately compensated under the schedular rating schedule (based on awards for peripheral vestibular disease and tinnitus); (3) headache symptoms have been medically linked to other nonservice-connected disabilities and are not for consideration in this inquiry; and (4) to the extent the Veteran's hearing loss manifests in nausea and ear pain (rendering inadequate the rating schedule), such symptoms do not present such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards. 

Based on these findings, an extraschedular rating for the Veteran's left ear hearing loss disability is denied. See 38 C.F.R. § 3.321(b); Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 


ORDER

An extraschedular rating for a left ear hearing loss disability is denied.



____________________________________________
V. Chiappetta
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs